Also, please approach and proceed. Good morning, your honors. May it please the court. My name is Mary Mitchell and I'm the attorney for appellant Judith Williams. The main issue in this case is the definition of the word month. It is not a fixed concept. In a year, there are seven months that have 31 days and five months have 30 days or less. The Social Security Administration's use of the word month inherently treats claimants differently and creates, almost sets up, due process violations. What's your strongest case to support your argument that the interpretation of month by the Social Services Administration is a due process violation? The Chevron case, the one that gives deference to the government? Well, actually, the Chevron case states that if the statute is silent or ambiguous, they will look to the agency's construction of the statute if it's reasonable. And therefore, if you're going to go on Chevron, it seems to me we just buy what the agency says and don't say any more. The agency has to be reasonable. Well, but you're arguing one reasonable, they're arguing another reasonable, and if the statute doesn't say anything and you're going to go for Chevron, we don't have anything to do for you. I was even going to ask you, do you think this is, we have to give the agency skid more deference? She went even to Chevron. I mean, my worry was that I wasn't exactly ready to give them Chevron deference, but I was wondering if I even had to give this decision skid more deference. Respect, but only to the extent the interpretation has a power to If the Are you suggesting that what they said is totally unreasonable? I'm, my argument is that what they're putting forth inherently sets up that claimants are going to be treated unfairly, unequally under the Well, didn't we even in your calculation, we started with what we had, we calculated, and then we had to round it to make it the best for your client and then come up with what you wanted? I mean, it wasn't exact in any way, it was just take the total divide, didn't come out correct, so make the, round it so that it helps my client and then put it out, and that's what we're supposed to do. All they're just saying is, we've got something that's pretty wide open here, this seems like a reasonable application of what we should do in these circumstances, we got no standards behind it, therefore we're done. And if, and I'm arguing that their interpretation sets up due process violations and requires claimants to file in district court before they even get a determinative, determination of the 60 days, which is what this court uses for its appeal process, it uses 60 days, Social Security Administration consistently uses days as a fixed concept, and yet this statute uses the term month, which is... We're stuck with what the statute says, we can't deviate from the statute, if the statute says months instead of days. And the... Yes, I believe that the agency's application of their POMS definition is not, it's not reasonable, because there are claimants that, depending upon their marriage date and death date, that will be treated completely differently and will be denied their due process rights to Social Security benefits. You mean because some months are shorter than others, and if one person is married in one, a short month versus a person married in a longer month might have an extra day or two? Well, actually, yes. They can establish their nine months, is that what you're saying? The way the long months land and the short months land, seven months being 31 days, five months being 30 days or less, that some days, some nine-month periods are 276 days, and some nine-month periods are 273 days. And a one-year statute of limitations, a person who gets in a car accident in the leap year has an extra day, I guess, under a one-year statute of limitations. Well, in a one-year, that would be a one-in-a-four chance, yes, Your Honor, you're correct, and the incident of that would be quite low compared to this situation where you're dealing with how someone's nine months works in a year, how they're going to be treated. To file a due process, it has to be totally arbitrary. Are you saying that the POMS regulation was totally arbitrary? I thought to be a due process violation, it had to be vague and ambiguous, and... What case are you relying on for your argument that because the ALJ didn't specifically cite the POMS regulations that to affirm based on the POMS regulation would be a post hoc justification that isn't allowable? Do you want to elaborate on that? Well, that's the second part of that due process violation, unequal treatment of claimants, but also the vague and ambiguous statute. The future claimant would be forced to file in district court, would have to wait until regional counsel defined the term months. As in this case, when this claimant waited to file their application, February 2nd, 2005, regional counsel revealed the POMS definition on October 12, 2007, which was 978 days after her application. Some attorneys might take these cases, some attorneys might not, but I could see where this could be confusing to the public. The administration failed to cite the POMS in the initial denial decision for this widow, the reconsideration denial, the judge's decision, and the appeals counsel denial. My question, I guess, is perhaps he did, but if he was, if the POMS regulation is there, and if it's deemed to be reasonable, would there be any point in sending it back to the ALJ to say, make explicit that you're using POMS as opposed to something else? Would there be any point in remand, or if we decided that POMS was okay, would it be best to simply affirm at this point? No, I think in the hearing testimony, and I've got those exhibits, ER 16 and 17, he talks about days, and that her calculation of days was incorrect, and that his mathematical computation would be used, and therefore he was not using the POMS whatsoever. He never made reference to it at all, and he was using the approach of days, the counting of days. Well, even if that were the case, if we were to find that the POMS regulation was applicable and not unreasonable, even if he didn't rely on it, would there be any reason to send it back to him? Yes, because it was a post-hoc rationalization, but the question is, is if he's already made his decision, and this is the decision he's making based on his common-sense analysis of the statute, whether he uses POMS or not, what's the use of sending it back? He's going to just say, that's the way it ought to be, POMS notwithstanding or withstanding. Well, my reading of the judge's decision and the transcript of the hearing indicates that he was counting days, and in his decision, he used the wrong marriage date, and counting the days, and he never talked about a month. Counsel, you have exceeded your time. Counsel, is there anything that you have to add that's not in your brief? Not much. It's best when a question is asked, to really think about whether you really ought to say anything. All right. I don't have any questions. I don't have any questions. You don't have any questions. Do you still want to say something? No. All right. Thank you. Thank you to both counsel. The case is submitted for decision by the court. That concludes our calendar for the week. We are adjourned. We realize you've been here a long time to get up and say I don't have anything to say, but thank you for coming. Counsel, we do get
judges: Rawlinson, Smith N. R., Wilken